UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Steven Conway,<br><br>    Defendant. | Case No. 25-cr-20265<br><br>Honorable Robert J. White |

**ORDER GRANTING GOVERNMENT'S MOTION TO REVOKE BOND PENDING SENTENCING (ECF No. 28)**

Before the Court is Plaintiff United States of America's motion to revoke Defendant Steven Conway's bond pending his sentencing. (ECF No. 28). For the reasons stated below, the Court will grant the Government's motion.

**I.  Background**

Conway was arrested for allegedly threatening the lives of DTE shareholders and the Governor of Michigan. (ECF No. 1, PageID.4–8). Shortly after his arrest, Conway appeared in duty court before the magistrate judge. (ECF No. 5). The magistrate judge released Conway on bond subject to certain conditions; the Government did not oppose Conway's release on bond. (ECF No. 5; ECF No. 8; ECF No. 9). Since then, Conway has been on release. Although Conway violated the terms of his pre-trial release in August 2025, (ECF No. 22, PageID.60–61; ECF

No. 28, PageID.77), the Court opted not to detain him and instead allowed him to remain on bond subject to stricter conditions of release (ECF No. 24, PageID.64).

In October 2025, Conway pleaded guilty to two counts of communicating a threat in interstate commerce in violation of 18 U.S.C. § 875(c). (ECF No. 15; ECF No. 26). Afterwards, the Government moved to revoke Conway's bond, arguing that his convictions for crimes of violence warrants his detention under 18 U.S.C. § 3143(a)(2). (ECF No. 28, PageID.78–79).

Conway challenged the Government's motion and claimed that his offenses did not warrant his mandatory detention under § 3143(a)(2). (ECF No. 31, PageID.105–06). In the event that the Court found Conway's detention pre-sentencing mandatory, Conway asked the Court to exercise its discretion to allow him to self-surrender after his sentencing date. (*Id.* at PageID.106). The Court held a hearing on the government's motion on October 30, 2025. (ECF No. 30).

## II.  Analysis

The Government argued that § 3143 mandates detention for Conway pending his sentence. (ECF No. 28, PageID.78). Per its title, section 3143 governs the "[r]elease or detention of a defendant pending sentence or appeal." As a general rule, the statute provides that a person found guilty of an offense and awaiting a sentence "shall . . . be detained" unless the court "finds by clear and convincing

evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." § 3143(a)(1).

But § 3143(a)(2) establishes exceptions to this rule. *See* § 3143(a)(1) (indicating paragraph (2) contains exceptions). That is, detention is mandatory when a person is "found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142." § 3143(a)(2). The only way to avoid detention under § 3143(a)(2) is for: (1) the court to find "there is a substantial likelihood that a motion for acquittal or new trial will be granted" or (2) the Government recommends "no sentence of imprisonment be imposed on the person." § 3143(a)(2)(A)(i)–(ii). In addition, the Court must also find by "clear and convincing evidence" that the defendant poses no danger to the community and is not a flight risk. § 3143(a)(2)(B). As applicable here, the types of offenses that mandate detention under § 3142(f)(1)(A), and thereby § 3143(a)(2), are "a crime of violence, a violation of section 1591, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed." § 3142(f)(1)(A) .

    A.    **Violations of § 875(c) Qualify as Crimes of Violence.**

In its motion, the Government posited that violations of § 875(c) constitute crimes of violence under § 3142(f)(1)(A). (ECF No. 28, PageID.79–80). Conway did not dispute this characterization at the hearing.

3

The Court agrees that § 875(c) is a crime of violence for purposes of §§ 3142 and 3143. 18 U.S.C. 3156(a)(4)(A) defines a crime of violence "[a]s used in sections 3141-3150 of this chapter" as "an offense that has an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another." Section 875(c) establishes criminal liability when a person transmits "in interstate or foreign commerce any communication containing any threat . . . to injure the person of another." By including an element of threatened use of physical force against another person, § 875(c) falls within § 3156(a)(4)(A)'s crime of violence definition as used in § 3142(f)(1)(A). Other courts in this circuit confirm this reading. *United States v. Pietila*, No. 1:23-cr-78, 2023 WL 4313162, at *1 (W.D. Mich. July 3, 2023) (agreeing that a violation of 18 U.S.C. § 875(c) is a crime of violence under § 3142(f)(1)(A)); *United States v. Cooper*, No. 3:19-mj-04254-1, 2019 WL 4259454, at *3 (M.D. Tenn. Sept. 9, 2019) ("Communicating a threat in violation of 18 U.S.C. § 875(c) constitutes a 'crime of violence' for purposes of the Bail Reform Act.") (citing *United States v. Choudhury*, 941 F. Supp. 2d 347, 351 (E.D.N.Y. 2013)).

  **B.** **Sections 3142(f)(1)(A) and 3143(a)(2) Mandate Conway's Detention Pending Sentencing.**

But even if Conway pleaded guilty to crimes of violence, Conway argued that he is still not subject to mandatory detention under § 3143(a)(2). (ECF No. 31, PageID.105). That is, a crime of violence must prescribe "a maximum term of

4

imprisonment of 10 years or more" to fall within § 3142(f)(1)(A)'s ambit. (*Id.*). Since § 875(c) has a maximum term of imprisonment of 5 years, the Court lacks a basis to detain him prior to sentencing, at least under § 3143(a)(2). (*Id.*).

Conway explained that the "series-qualifier" canon of statutory interpretation supports his reading. (*Id.*). The series-qualifier canon applies conventional rules of grammar such that when a straightforward, parallel construction involves all nouns or verbs in a series, a modifier at the end of the list normally applies to the entire series. *Facebook, Inc. v. Duguid*, 592 U.S. 395, 402–03 (2021). Accordingly, the modifier of "10 years or more" applies to all items listed in § 3142(f)(1)(A), including crimes of violence, and not just to offenses under § 2332b(g)(5)(B). (ECF No. 31, PageID.105). Conway cited several out-of-circuit cases that interpreted § 3142(f)(1)(A) as imposing the "10 years or more" maximum prison sentence to crimes of violence. *United States v. Baldazo*, No. 2:11-cr-77, 2012 WL 12947283, at *1 (N.D. Ind. Apr. 19, 2012); *United States v. Chavez-Rivas*, 536 F. Supp. 2d 962, 965–66 (E.D. Wis. 2008).

The Court, however, is not persuaded by Conway's reasoning, especially considering how other circuit and district courts have decided the issue. In the cases Conway cited, the courts applied the "10 years or more" modifier to a "crime of violence" without further statutory analysis. *See Baldazo*, 2012 WL 12947283, at *1; *Chavez-Rivas*, 536 F. Supp. 2d at 965–66. But courts that performed statutory

analysis, both in-circuit and out-of-circuit, reached the opposite conclusion from Conway.

To start, the Second Circuit held explicitly that the "10 years or more" modifier did not apply to crimes of violence. *United States v. Dai*, 99 F. 4th 136, 138 (2d Cir. 2024). It gave three reasons for doing so. First, declining to interpret the 10-year sentence limiting phrase as governing all items listed in § 3142(f)(1)(A) "avoid[ed] surplusage." *Id.* at 139. That is, "all violations of § 1591 are punishable by more than ten years," so adding "10 years or more" to § 1591 "adds nothing." *Id.* Second, "[r]eading '10 years or more' to apply only to the phrase to which it is attached is consistent with the statute's punctuation." *Id.* Because "[n]o comma separate[d] the phrase from the third category of offenses," the court could infer the two were "directly connected." *Id.* Third, the statutory history supported the court's interpretation. *Id.* Before 2004, § 3142(f)(1)(A) listed only crimes of violence as an offense warranting detention. *Id.* From 2004 to 2008, the subsection contained two categories, crimes of violence "or" an offense listed in § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed. *Id.* Congress added offenses under § 1591 in 2008 but failed to indicate that the "10 years or more" language should apply to all categories. *Id.* at 139–40. To read it in now would clearly be inconsistent with past statutory language, especially with no guidance from Congress to do so.

The Court finds the decision in *United States v. Santoro*, 359 F. Supp. 3d 122 (D. Me. 2019) similarly instructive.  There, the district court relied on the canon of statutory construction known as "the rule of the last antecedent" to conclude that "the '10 years or more' limitation [did] *not* apply to a conviction for a crime of violence." *Santoro*, 359 F. Supp. 3d at 124 (citation omitted).  According to the rule of the last antecedent, "a limiting clause or phrase . . . should ordinarily be read as modifying only the noun or phrase that it immediately follows." *Lockhart v. United States*, 577 U.S. 347, 351 (2016).  Although the "rule is not absolute," the court in *Santoro* found it better suited § 3142(f)(1)(A) than the series-qualifier canon, given that the phrase "10 years or more" could not apply to "the second category in the list, section 1591 violations." 359 F. Supp. at 124–25.  Like the Second Circuit, the District of Maine believed that because "all the offenses in [the section 1591] category [had] penalties of over 10 years," it "[made] no sense to apply the limiting phrase to all three categories in the list." *Id.* at 125.  Other courts have reached the same conclusion as the courts in *Dai* and *Santoro* through analogous statutory interpretation. *See United States v. Nguyen*, No. 24-mj-71474-MAG-1, 2024 WL 4584574, at *3–4 (N.D. Cal. Oct. 25, 2024); *Pietila*, 2023 WL 4313162, at *2–3.

Here, the Court is persuaded by the reasoning in the above-referenced cases and finds that a crime of violence does not need to impose a sentence of 10 years or more for a defendant to be subject to mandatory detention under § 3143(a)(2).  In

7

reaching its decision, the Court acknowledges that the Sixth Circuit has yet to address whether the 10-year-or-more modifier applies to all offenses under § 3142(f)(1)(A).

Conway argued that regardless of if his detention is mandated, the Court should exercise its discretion to allow his continued release until after sentencing. (ECF No. 31, PageID.106). But a plain reading of § 3143(a)(2) generally forecloses any discretion for a court to allow self-surrender post-sentencing. The statute reads: "the Judicial Officer *shall order* that a person who has been found guilty . . . *and is awaiting imposition or execution of a sentence be detained[.]*" The text leaves no room for a court to authorize release pending sentencing, as Conway requested. (ECF No. 31, PageID.106–07).

Likewise, § 3145(c) does not provide a viable avenue for Conway's release. Under § 3145(c), a person subject to detention per § 3143(a)(2), who meets the conditions of release set forth in § 3143(a)(1), may be ordered released by the court if "it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." Although § 3145(c) is titled "Appeal from a release or detention order," the Sixth Circuit extended the authority to grant release under § 3145(c) to district courts. *United States v. Christman*, 596 F.3d 870, 870–71 (6th Cir. 2010). So to meet the statute's requirements, Conway would need to show he

8

is not a flight risk or a danger to the community under § 3143(a)(2) and that exceptional reasons justify his release.

Courts interpret § 3145(c) as providing "considerable discretion" in deciding whether circumstances are sufficiently exceptional to warrant release. *United States v. Mitchell*, 358 F. Supp. 2d 707, 708 (E.D. Wis. 2005). Overall, it is a "fact-intensive inquiry that must be made on a case-by-case basis." *United States v. Miller*, 568 F. Supp. 2d 764, 774 (E.D. Ky. 2008). "[M]ere personal reasons, including caring for a family or gainful employment are not exceptional." *Id.* (cleaned up). Rather, the circumstances must be "unique, uncommon, rare or out of the ordinary." *Mitchell*, 358 F. Supp. 2d at 708.

Here, no exceptional reasons warrant Conway's release. Conway claimed that detention pre-sentencing would disrupt his mental health treatment. (ECF No. 31, PageID.115). That is, Conway would be "uncounseled and unmedicated, disconnected from the grandmother he lives with, and decompensating from the stress of incarceration" if subject to detention. (*Id.*). Although the Court sympathizes with Conway's mental health concerns, it does not find that the alleged disruption to his life is materially different from what other detainees may experience. *See Franklin*, 843 F. Supp. 2d at 622 ("hardships are common to nearly every case involving a term of imprisonment"). As a result, even if Conway is neither a flight

9

risk nor a danger to the community, the Court lacks an exceptional reason to authorize his release.

Finally, at the hearing, the pretrial services officer noted that she had no public safety concerns with Conway. Moreover, the government did not object to Conway's self-surrender. Thus, for the reasons stated above, the Court will grant the Government's motion to revoke bond pending sentencing (ECF No. 28). Conway must surrender to the United States Marshals Service by Wednesday, November 5, 2025 at 1:00 p.m.

* * *

For the reasons given, the Court **ORDERS** that the motion to revoke bond pending sentencing (ECF No. 28) is **GRANTED**. Defendant must surrender to the United States Marshals Service by Wednesday, November 5, 2025 at 1:00 p.m.

Dated: November 3, 2025          s/Robert J. White
                                 Robert J. White
                                 United States District Judge